MATTER OF FINLAYSON

In Deportation Proceedings

A–19791900
A–19791901
A–19791902
A–19791903
A–19791904

*Decided by Board March 22, 1977*

(a) Section 7 of P.L. 94–571 (90 Stat. 2703) removed natives of the Western Hemispher from the "special immigrant" category of aliens described in section 101(a)(27)(A) of th Immigration and Nationality Act, and placed them in the same preference system wit' aliens from the Eastern Hemisphere. As a result, natives of contiguous countries an adjacent islands referred to in section 244(f)(3) of the Act are no longer "speci immigrants" and are categorically ineligible for "special immigrant" visas. Therefore respondents who are natives of Canada are now eligible to apply for suspension c deportation. See *Matter of Piggott*, Interim Decision 2329 (BIA 1974).

(2) Record will be remanded to permit mother and children to apply for suspension c deportation. Record will not be remanded with respect to the father because hi *application for suspension was previously considered and denied for lack of "extrem hardship."*

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entr under section 212(a)(20), I. & N. Act (8 U.S.C. 1182(a)(20))– Immigrant alien without immigrant visa (aliens (1), (2), (4), and (5))

ON BEHALF OF RESPONDENTS: Adelbert Clostermann, Esquire
689 Park Haviland Hotel
Portland, Oregon 97205

BY: Milhollan, Chairman; Wilson, Maniatis, and Appleman, Board Members

On October 15, 1976, we dismissed an appeal from an immigratio judge's decision which denied the respondents suspension of deportatio under section 244(a)(1) of the Immigration and Nationality Act. Th respondents now move for reconsideration. Their motion will be grante and the record will be remanded to the immigration judge.

The respondents, father, mother, and three children are natives an

citizens of Canada. Until statutory changes took effect on January 1, 1977, the Finlaysons, as natives of an independent country of the Western Hemisphere, were designated "special immigrants." See section 101(a)(27). Although "special immigrants" are generally eligible to apply for suspension of deportation, an exception exists with regard to "special immigrants" who are natives of any country contiguous to the United States or any adjacent island named in section 101(b)(5). This exception, which is set out in section 244(f)(3), bars from eligibility for suspension, all natives of contiguous countries or adjacent islands who are eligible for "special immigrant" visas. An obvious corollary is that only those natives of contiguous countries and adjacent islands who can establish their *ineligibility* for "special immigrant" visas may apply for relief under section 244(a). See *Matter of Piggott*, Interim Decision 2329 (BIA 1974). In light of these restrictions on suspension, we concluded that (1) Mr. Finlayson was eligible to apply since he had established his ineligibility for a "special immigrant" visa on the basis of criminal convictions, but that (2) Mrs. Finlayson and the three children could not be considered since they had not established their ineligibility for "special immigrant" visas.[1]

Congress has recently enacted amendments to the Immigration and Nationality Act which call for a modification of our earlier conclusions. The new legislation, which seeks to equalize the treatment accorded to the Eastern and Western Hemispheres for immigration purposes, removes natives of independent countries of the Western Hemisphere from the "special immigrant" category of section 101(a)(27) and places them in the same preference system with aliens from the Eastern Hemisphere. See Section 7 of P.L. 94-571, 90 Stat. 2703, enacted October 20, 1976, and effective January 1, 1977. As a result, natives of contiguous countries and adjacent islands, referred to in section 244(f)(3), are no longer "special immigrants" and are now *categorically* ineligible for "special immigrant" visas. Hence, they are now eligible to apply for suspension of deportation.[2]

Hence, we shall remand the case to the immigration judge to enable Mrs. Finlayson and the three children to reapply for relief under section 244(a). Our decision is not modified with regard to Mr. Finlayson as his

---

[1] Mr. and Mrs. Finlayson are divorced, a fact which prevents us from treating Mrs. Finlayson's application as that of an accompanying spouse. Moreover, all of the children are old enough to have their applications considered separately. The oldest son has reached his majority and both boys live apart from their parents and are apparently self-supporting. The daughter, a high school student, lives with her mother.

[2] This interpretation of the effect of the 1976 amendments on eligibility requirements of section 244(f)(3) is consistent with that formulated by the Commissioner of the Immigration and Naturalization Service in a memorandum from the Commissioner to all Regional Commissioners, dated December 29, 1976.

application for suspension has already been considered and denied foi lack of "extreme hardship." See section 244(a)(1).

**ORDER:** The record is remanded to the immigration judge foi further proceedings.